UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN McDANIEL,

  Petitioner,

  v.    CAUSE NO.: 3:19-CV-293-JD-MGG

WARDEN,

  Respondent.

OPINION AND ORDER

Stephen McDaniel, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP 19-2-5) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of committing theft in violation of Ind. Code § 35-43-4-2, which is, in turn, in violation of Indiana Department of Correction Offense A-100. Following a disciplinary hearing, he was sanctioned with a loss of one hundred twenty days of earned credit time and a demotion in credit class from Class 1 to Class 2. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

McDaniel argues that he did not receive adequate notice of the charges or an adequate explanation of the findings because he was not given a copy of the Indiana theft statute, Ind. Code § 35-43-4-2. For disciplinary proceedings, a prisoner is entitled "to written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564

(1974); *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). Additionally, "there must be a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Id.*

>McDaniel was provided with a conduct report at screening, which read:
>
>On 1/23/2019 Case 19-ISP-0019 was opened for the theft of 29 unopened syringes from the Medical Services door that is connected to the Offender Waiting room. After review of the camera Offender McDaniel #911534 was recorded as one of three Offenders involved in the theft of the syringes. Offender McDaniel can be seen using a stick to knock the syringes to the floor and then using the stick to get them out of the crack of the door on the floor.

The State of Indiana defines theft as the knowing or intentional exertion of "unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use." Ind. Code § 35-43-4-2. Notably, the statutory definition of theft is entirely consistent with the common understanding of the word, and the conduct report included the factual basis of the charge and was sufficient to enable McDaniel to prepare a defense. Moreover, in the hearing report, the hearing officer explained that McDaniel was found guilty based on the conduct report and the surveillance video recording; the hearing officer thus satisfied his obligation to provide a written explanation of the decision. Therefore, the claim that McDaniel did not receive a copy of the text of the Indiana theft statute is not a basis for habeas relief.

McDaniel further argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He states that the hearing officer demonstrated improper bias by allowing the hearing to proceed despite McDaniel's complaints about correctional staff's failure to follow departmental policy, which

2

pertained to mistakes with the dates on the conduct report and the assigned case number as well as a disagreement about the severity of the charged offense. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. *Id.* Moreover, the failure to follow departmental policy does not rise to the level of a constitutional violation. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Notably, McDaniel's policy-related complaints were either insubstantial or meritless, and the fact that the hearing officer allowed the hearing to proceed despite these complaints does not suggest improper bias, nor does it suggest that the hearing officer had a personal interest in the outcome of the hearing. Therefore, the claim that the hearing officer was not impartial is not a basis for habeas relief.

Because it is clear from the petition and attached exhibits that McDaniel is not entitled to habeas relief, the petition is denied. If McDaniel wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court

finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Stephen McDaniel leave to proceed in forma pauperis on appeal.

SO ORDERED on April 30, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT